**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Wayne Murray, | No. CV-99-1812-PHX-DGC |
| Petitioner, | **DEATH PENALTY CASE** |
| vs. | |
| Dora B. Schriro, et al., | **ORDER RE: PROCEDURAL STATUS OF PETITIONER'S CLAIMS** |
| Respondents. | |

Petitioner Robert Wayne Murray is a state prisoner, sentenced to death, who has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he was convicted and sentenced in violation of the United States Constitution. (Dkt. 1.)[1] This order addresses procedural bar and other issues raised by Respondents' answer to the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 1992, Petitioner and his younger brother, Roger, were jointly tried and convicted by a jury of one count of armed robbery and two counts of first degree murder. The murders of Dean Morrison and Jacqueline Appelhans occurred in the course of an armed robbery of their store, restaurant, and house in Grasshopper Junction, Arizona. Mohave County Superior Court Judge James E. Chavez sentenced Petitioner and his brother to death on each murder count and to a term of imprisonment for the armed robbery. The Arizona

---

[1] "Dkt." refers to the documents in this Court's case file.

Supreme Court affirmed the convictions and sentences of each brother in a joint opinion. State v. Murray, 184 Ariz. 9, 906 P.2d 542 (1995).

On January 21, 1997, Petitioner filed a petition for postconviction relief ("PCR") in the trial court ("PCR court").  (Dkt. 38, ex. C.)  The PCR court summarily rejected or found precluded as waived most of Petitioner's claims, but held an evidentiary hearing regarding a claim of ineffective assistance of counsel ("IAC").  (Id., ex. D.)  The PCR court denied relief on that claim following the evidentiary hearing.  (Id., ex. E.)  The Arizona Supreme Court summarily denied a petition for review.  (Id., ex. F, G.)  Petitioner thereafter commenced these proceedings.

**PRINCIPLES OF EXHAUSTION AND PROCEDURAL DEFAULT**

Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA").  Lindh v. Murphy, 521 U.S. 320, 336 (1997); Woodford v. Garceau, 538 U.S. 202, 210 (2003).  The AEDPA requires that a writ of habeas corpus not be granted unless it appears that the petitioner has exhausted all available state court remedies.  28 U.S.C. § 2254(b)(1); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509 (1982).  To properly exhaust state remedies, the petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.  Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 277-78 (1971).[2]  Commenting on the importance of fair presentation, the United States Supreme Court has stated:

---

[2] Resolving whether a petitioner has fairly presented his claim to the state court is an intrinsically federal issue to be determined by the federal court.  Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir. 1995); Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994).

1
2
3
4

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

5   Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

6        Following Duncan, the Ninth Circuit Court of Appeals has held that a state prisoner

7   has not "fairly presented" (and thus exhausted) federal claims in state court unless he

8   specifically indicated to that court that the claims were based on federal law.  See, e.g., Lyons

9   v. Crawford, 232 F.3d 666, 669-70 (2000), as amended by 247 F.3d 904 (9th Cir. 2001)

10  (general reference to insufficiency of evidence, right to be tried by impartial jury and

11  ineffective assistance of counsel lacked the specificity and explicitness required to present

12  federal claim); Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference

13  to "due process" insufficient to present federal claim); see also Hiivala v. Wood, 195 F.3d

14  1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error

15  is insufficient to establish exhaustion.").  A petitioner must make the federal basis of a claim

16  explicit by citing specific provisions of federal statutory or case law, even if the federal basis

17  of a claim is "self-evident," Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), or by

18  citing state cases that explicitly analyze the same federal constitutional claim, Peterson v.

19  Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  Such explicit fair presentation must

20  be made not only to the trial or post-conviction court, but also to the state's highest court.

21  Baldwin v. Reese, 541 U.S. 27, 32 (2004).  If a petitioner's habeas claim includes new

22  factual allegations not presented to the state courts, the claim may be considered unexhausted

23  if the new facts "fundamentally alter" the legal claim presented and considered in state court.

24  Vasquez v. Hillery, 474 U.S. 254, 260 (1986).

25        A habeas petitioner's claims may be precluded from federal review in either of two

26  ways. First, a claim may be procedurally defaulted in federal court if it was actually raised

27  in state court but found by that court to be defaulted on state procedural grounds.  Coleman,

28  501 U.S. at 729-30.  Second, a claim may be procedurally defaulted if the petitioner failed

1   to present the claim in any forum and "the court to which the petitioner would be required

2   to present his claims in order to meet the exhaustion requirement would now find the claims

3   procedurally barred." Coleman, 501 U.S. at 735 n.1.  This is often referred to as "technical"

4   exhaustion because although the claim was not actually exhausted in state court, the

5   petitioner no longer has an available state remedy. See id. at 732 ("A habeas petitioner who

6   has defaulted his federal claims in state court meets the technical requirements for

7   exhaustion; there are no remedies any longer 'available' to him."); Gray v. Netherland, 518

8   U.S. 152, 161-62 (1996).

9         Rule 32 of the Arizona Rules of Criminal Procedure governs when petitioners may

10  seek relief in post-conviction proceedings and raise federal constitutional challenges to their

11  convictions or sentences in state court.  Rule 32.2 provides, in part:

> a. Preclusion.  A defendant shall be precluded from relief under this rule based upon any ground:
> . . . .
>
> (2)  Finally adjudicated on the merits on appeal or in any previous collateral proceeding;
>
> *(3) That has been waived at trial, on appeal, or in any previous collateral proceeding.*
>
> b. Exceptions.  Rule 32.2(a) shall not apply to claims for relief based on Rules 32.1(d), (e), (f), (g) and (h).  When a claim under [these sub-sections] is to be raised in a successive or untimely post-conviction relief proceeding, the notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner.  If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed.

22  Ariz. R. Crim. P. 32.2 (West 2003) (emphasis added).  Thus, pursuant to Rule 32.2(a)(3),

23  petitioners may not be granted relief on any claim which was waived at trial, on appeal, or

24  in a previous PCR petition.  Similarly, pursuant to Rule 32.4, petitioners must seek relief in

25  a timely manner.  Only if a claim falls within certain exceptions (subsections (d) through (h)

26  of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition

27  or was not presented in a timely manner will the preclusive effect of Rule 32.2 be avoided.

28  Ariz. R. Crim. P. 32.2(a) (3), 32.4(a).

Therefore, in the present case, if there are claims which have not been raised previously in state court, the Court must determine whether Petitioner has state remedies currently available to him pursuant to Rule 32.  If no remedies are currently available, petitioner's claims are "technically" exhausted but procedurally defaulted.  Coleman, 501 U.S. at 732, 735 n.1.  In addition, if there are claims that were fairly presented in state court but found defaulted on state procedural grounds, such claims also will be found procedurally defaulted in federal court so long as the state procedural bar was independent of federal law and adequate to warrant preclusion of federal review.  Harris v. Reed, 489 U.S. 255, 262 (1989).  A state procedural default is not independent if, for example, it depends upon an antecedent federal constitutional ruling.  See Stewart v. Smith, 536 U.S. 856 (2002) (per curiam).  A state bar is not adequate unless it was firmly established and regularly followed at the time of application by the state court.  Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims.  Reed v. Ross, 468 U.S. 1, 9 (1984).  As a general matter, the Court will not review the merits of procedurally defaulted claims unless a petitioner demonstrates legitimate cause for the failure to properly exhaust in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court.  Coleman, 501 U.S. at 735 n.1.

## DISCUSSION

Petitioner's Amended Petition contains 47 claims.  (Dkt. 20.)  On October 16, 2000, Petitioner withdrew Claims 6, 20, 21, 23-27, 38 and 41-46 and, pursuant to Court order, filed a supplemental statement of exhaustion regarding the other claims.  (Dkts. 30, 31.)  On January 25, 2001, he additionally withdrew Claims 8, 13-14, 16-19 and 28.  (Dkt. 42.)  Therefore, the Court reviews the procedural status of the remaining claims, Claims 1-5, 7, 9-12, 15, 22, 29-37, 39, 40 and 47.

**Fundamental Error Review**

Petitioner asserts that aspects of his claims that were not fairly presented to the state

1    courts were nevertheless exhausted by virtue of the supreme court's fundamental error
2    review on direct appeal.  The Court disagrees.

3    At the time of Petitioner's direct appeal, the Arizona Supreme Court was charged by
4    statute with reviewing the record independently in all criminal cases for fundamental error.
5    See A.R.S. § 13-4035 (Repealed by Laws 1995, Ch. 198, § 1).  The Ninth Circuit has
6    rejected the contention that this statutory fundamental error review itself exhausts claims that
7    were not fairly presented for purposes of federal habeas review.  See Poland (Michael) v.
8    Stewart, 117 F.3d 1094, 1105 (9th Cir. 1997) (Arizona's process of fundamental error review
9    does not excuse a petitioner's failure to present federal claims to the state's highest court);
10   Martinez-Villareal v. Lewis, 80 F.3d 1301, 1306 (9th Cir.1996) (rejecting argument that
11   review for fundamental error by Arizona Supreme Court prevents procedural preclusion).

12   In an attempt to avoid these holdings, Petitioner relies on Falcone v. Stewart, 120 F.3d
13   1082 (9th Cir. 1997), vacated on other grounds, 524 U.S. 947 (1998).  In Falcone, the Ninth
14   Circuit noted in dicta that the Arizona Court of Appeals's "fundamental error review almost
15   necessarily included consideration of the[] particular [constitutional] claims," only because
16   such claims "were readily apparent from the record, and [the petitioner] had attempted to
17   raise them in an amended brief."  120 F.3d at 1084 n.2.  In this case, by contrast, Petitioner
18   did not alert the Arizona Supreme Court to the existence of the federal constitutional claims
19   at issue, nor does show that the claimed errors were readily apparent from the record.
20   Additionally, Falcone has little, if any, persuasive authority because the discussion of
21   Arizona's fundamental error review is dicta and the entire opinion was vacated by the
22   Supreme Court.  See 524 U.S. 947 (1998).  Finally, since Falcone was decided, the Ninth
23   Circuit has reaffirmed the holdings of Poland and Martinez-Villareal that the Arizona
24   Supreme Court's fundamental error review does not in itself exhaust un-presented claims for
25   purposes of federal habeas.  See Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); Poland
26   (Patrick) v. Stewart, 169 F.3d 573, 583 (9th Cir. 1999).  Thus, the fundamental error review
27   conducted by the Arizona Supreme Court pursuant to former A.R.S. § 13-4035 did not
28   exhaust any claim, or aspect thereof, that was not fairly presented by Petitioner.

1        **Fifth Amendment Due Process Allegations**

2        It is the Fourteenth Amendment, not the Fifth Amendment, that protects a person

3   against deprivations of due process by a state.  See U.S. Const. amend. XIV, § 1 ("nor shall

4   any state deprive any person of life, liberty, or property without due process of law");

5   Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment

6   prohibits the federal government from depriving persons of due process, while the Fourteenth

7   Amendment explicitly prohibits deprivations without due process by the several States.").

8   Because the Fifth Amendment Due Process Clause does not provide a cognizable ground for

9   relief from Petitioner's state court conviction, the allegations that the Fifth Amendment Due

10  Process Clause was violated will be dismissed as to all of his claims and will not be discussed

11  further.

12       **Eighth Amendment Allegations**

13       The right to be free from cruel and unusual punishment, by definition, is a protection

14  related to the imposition or carrying out of a sentence.  Eighth Amendment protections

15  therefore do not attach until a person is convicted and subject to punishment by the State.

16  See Ingraham v. Wright, 430 U.S. 651, 664, 667, 671 n. 40 (1977) (Eighth Amendment

17  circumscribes only the type of punishment imposable on those convicted, punishment grossly

18  disproportionate to the crime, and what can be criminalized and punished); Bell v. Wolfish,

19  441 U.S. 520, 536 n.16 (1979) (Eighth Amendment has no application to pretrial detainees).

20  There is no cognizable claim that Petitioner's rights under the Eighth Amendment were

21  violated as to claims relating solely to his conviction.  Because the Eighth Amendment does

22  not provide a cognizable ground for relief regarding conviction-related claims, the allegations

23  that the Eighth Amendment was violated will be dismissed as to Claims 1-5, 7, 9, 10-12, 15,

24  30-37 and 39, and will not be discussed further.

25       The Court will also dismiss the Eighth Amendment aspects of Claims 29 and 40.

26  Petitioner did not raise an Eighth Amendment aspect with respect to these claims in state

27  court, which he tacitly concedes, and those aspects of these claims are now procedurally

28  barred.  (Dkts. 38, ex. C at 113, ex. F at 13; 42 at 33, 37.)

**Fourteenth Amendment Allegations**

In each claim, Petitioner alleges a violation of his Fourteenth Amendment rights to equal protection and due process.  Respondents concede that the equal protection aspect of Claim 7 and the due process aspect of Claims 10 and 29 were exhausted in the state courts, but otherwise dispute that the equal protection and due process aspects of Petitioner's remaining claims were properly exhausted.

The record reflects, and Petitioner tacitly acknowledges, that with the exception of Claim 7, none of the equal protection aspects of his remaining claims were exhausted in state court.  (See dkt. 38, ex. B at 39-42, C.)  The equal protection aspects of all but Claim 7 are now procedurally barred and will be dismissed.  (Dkt. 38, ex. B at 39-42; see, e.g., dkt. 42 at 15, 16, 17, 18-19.)[3]  Similarly, the record reflects, and Petitioner tacitly acknowledges, that the due process aspects of Claims 5, 7, 30-37, 39 and 40 were not exhausted in state court.  (See dkt. 38, ex. B, C.)[4]  Those aspects are now procedurally barred and will be dismissed.

**Summary**

Petitioner's Fifth Amendment allegations will be dismissed as non-cognizable for all of his claims.  The Eighth Amendment aspect of Claims 1-5, 7, 9, 10-12, 15, 29-37, 39 and 40 will be dismissed as non-cognizable or procedurally barred.  The due process aspect of Claims 5, 7, 30-37, 39 and 40 and the equal protection aspects of Claims 1-5, 9-12, 15, 22, 29-37, 39 and 40 will be dismissed as procedurally barred.  Because the parties agree that the balance of Claims 5, 7, 10, 12, 29, 30-37, 39 and 40 have been exhausted, the merits of the remaining portions of those claims will be addressed in a separate order.  The Court next reviews the individual procedural status of Claims 1-4, 9, 11, 15, 22 and 47.

---

[3] Similarly, Petitioner did not exhaust the Sixth Amendment aspects of Claims 7 and 10 in state court and that aspect of these claims will be dismissed as procedurally barred. (Dkt. 42 at 19-20, 23-24.)

[4] Petitioner argues that Respondents conceded the exhaustion of Sixth Amendment issues with respect to these claims, and that the claims therefore were "properly before the Court to be reviewed on the merits."  (Dkt. 42 at 19-20, 34-37.)

1    **II.      Individual Claims**

2        A.   Claim 1

3        Claim 1 alleges that Petitioner's Sixth and Fourteenth Amendment rights were

4    violated by the denial of his motion to change venue or to sequester the jury.  Respondents

5    concede the Sixth Amendment portion of the claim is exhausted (dkt. 37 at 9), but argue that

6    Petitioner failed to present a substantive Fourteenth Amendment due process claim to the

7    state courts (dkt. 54 at 25).

8        On direct appeal, Petitioner alleged that the trial court violated his Sixth and

9    Fourteenth Amendment rights by denying his motion for change of venue, but he did not

10   fairly present allegations concerning a failure to sequester the jury.  (Dkt. 38, ex. B at 20-22.)

11   The Court finds, however, that Respondents have expressly waived exhaustion of the

12   sequestration allegation by conceding that Petitioner properly exhausted the Sixth

13   Amendment portion Claim 1.  See 28 U.S.C. § 2254(b)(3).  Further, because Petitioner

14   expressly cited the Fourteenth Amendment in support of the claim in state court, the Court

15   will review both the Sixth and Fourteenth Amendment aspects of this claim on the merits.

16       B.   Claim 2

17       Claim 2 alleges that Petitioner was denied his right to have a fair and impartial grand

18   jury determine probable cause in violation of the Sixth and Fourteenth Amendments.

19   Respondents contend this claim is barred because Petitioner failed to properly challenge the

20   grand jury proceedings by filing a special action prior to trial and because the Arizona

21   Supreme Court found the claim "precluded" on that basis.  Petitioner counters that he argued,

22   in his reply brief on direct appeal, that "the pretrial publicity and close connections of grand

23   jurors with members of law enforcement was so insidious as to render the entire proceedings,

24   including the grand jury indictment, a sham.  The error in this case was fundamental."  (Dkt.

25   42 at 15-16, quoting ROA 19 at 12.)[5]  He asserts that the Arizona Supreme Court, in

26

27       [5] "ROA" refers to the four-volume record, and one sealed envelope, in Petitioner's
     direct appeal (Case No. CR-92-0440-AP).  Certified copies of trial and post-conviction
28   records, in addition to the original reporter's transcripts, were provided to this Court by the

1   searching the record for fundamental error, necessarily considered Claim 2 on the merits.

2   (Id. at 16.)

3          The Arizona Supreme Court addressed this claim in its opinion and unambiguously

4   found it precluded under state procedural law.  It stated that "[t]o obtain review of a denial

5   of redetermination of probable cause, a defendant must seek relief before trial by special

6   action" and he "may not challenge matters relevant only to the grand jury proceedings by

7   appeal from conviction," absent "an indictment that the state knew was partially based on

8   perjured, material testimony[.]"  Murray, 184 Ariz. at 32, 906 P.2d at 565.  It held that

9   because Petitioner did not claim that the indictment had been obtained using perjured

10  testimony, he was "precluded from challenging the grand jury's finding of probable cause"

11  on appeal.  Id.  The basis for its preclusion ruling was adequate and independent; Arizona

12  law and rules have long required challenges to grand jury proceedings, including to the

13  impartiality of a grand jury, be brought by special action prior to trial.  See Maretick v.

14  Jarrett, 204 Ariz. 194, 197, 62 P.3d 120, 123 (2003); Crimmins v. Superior Court, 137 Ariz.

15  39, 41, 668 P.2d 882, 884 (1983); State v. Verive, 128 Ariz. 570, 575, 627 P.2d 721, 726

16  (1981) ("We hold that defendant cannot, by appeal from a conviction, obtain review of

17  matters relevant only to the grand jury proceedings that had no effect on the subsequent

18  trial.");  Ariz. R. Crim. P. 12.9.  The claim is therefore procedurally barred.

19          Even if Claim 2 were not procedurally barred, it would fail on the merits.  Because

20  a jury found Petitioner guilty of the charged offenses beyond a reasonable doubt, the alleged

21  absence of probable cause before the grand jury, even if true, would be harmless error.

22  United States v. Mechanik, 475 U.S. 66, 70 (1986) (following conviction by a petit jury, "any

23  error in the grand jury proceeding . . . was harmless beyond a reasonable doubt."); People of

24  Territory of Guam v. Muna, 999 F.2d 397, 399 (9th Cir. 1993) ("On appellate review of the

25  case after conviction, the Mechanik standard applies and, therefore, even if the prosecutor

26  erred as contended by the appellant, the error is harmless beyond a reasonable doubt and does

27  ─────────────

28  Arizona Supreme Court on November 13, 2001.

1   not justify dismissal of the indictment."); see also United States v. Anderson, 61 F.3d 1290,

2   1297, n.5 (7th Cir. 1995) (finding no prejudice where counsel failed to challenge indictment

3   because of conviction); Thompson v. Kelly, No. 97-CV-258H, 1999 WL 166820 (W.D.N.Y.

4   Feb. 4, 1999) (same).  This claim will be dismissed as procedurally barred and, in the

5   alternative, denied on the merits.

6        C.   Claim 3

7        Claim 3 alleges that Petitioner was denied his Sixth and Fourteenth Amendment rights

8   to proceed *pro per* with advisory counsel and with access to a law library or legal resources

9   before and during trial.  Respondents concede that the Sixth Amendment portion of this claim

10  is exhausted, but contend the Fourteenth Amendment portion is not.  (Dkt. 37 at 11.)

11       In his appellate brief, Petitioner alleged the factual basis of Claim 3, asserted that it

12  violated his Sixth Amendment rights and his Fifth Amendment due process rights.  (Dkt. 38,

13  ex. B  at 23-27.)  Additionally, Petitioner cited State v. Henry, 176 Ariz. 569, 584-85, 863

14  P.2d 861, 876-77 (1993), which relied on Faretta v. California, 422 U.S. 806 (1975), and

15  Bounds v. Smith, 430 U.S. 817 (1977).  (Dkt. 44 at 17-18.)  In Henry, the defendant argued

16  that "his right to self-representation was unduly infringed because jail officials did not permit

17  him an allotted 3 hours a day in the law library."  176 Ariz. at 584, 863 P.2d at 876.  The

18  Arizona Supreme Court stated that, "[w]hen a defendant in custody exercises th[e right of

19  self-representation pursuant to Faretta], the Fifth Amendment guarantee of access to the

20  courts requires that he or she be provided an adequate law library or assistance from someone

21  trained in the law." Id. (citing Bounds, 430 U.S. at 828).  The supreme court went on to note

22  that library access was only one permissible means of affording the right to meaningful self-

23  representation and that "[d]ue process rights are violated only when a defendant is denied *all*

24  meaningful opportunity to prepare a defense." Id.  Although Petitioner and the state supreme

25  court referred to Fifth rather than Fourteenth Amendment due process, the court's decision

26  clearly relied on federal law.

27       The Court concludes that Petitioner's citation to Henry was sufficient to fairly alert

28  the state court to his Fourteenth Amendment due process claim.  Therefore, the Sixth and

1    Fourteenth Amendment aspects of this Claim will be reviewed on the merits in a subsequent

2    order.

3        D.    Claim 4

4        Claim 4 alleges that the failure to sever Petitioner's trial from that of his brother's

5    violated Petitioner's rights under the Sixth Amendment's Right to Counsel Clause and the

6    Fourteenth Amendment's Due Process Clause.  (Dkt. 20 at 43.)  Specifically, Petitioner

7    contends that severance was necessary because some evidence implicated only his brother

8    and a joint trial prevented him from presenting a defense implicating his brother.  (Dkt. 20

9    at 40-42.)  He also contends that their respective trial counsel were antagonistic to one

10   another and that his brother's counsel acted as a "second prosecutor."  (Id. at 40-41, quoting

11   RT 6/2/92, vol. 2, at 42-44.)[6]  Respondents argue  this claim is procedurally barred.  (Dkt.

12   37 at 11-12.)  Petitioner counters that his citation to Bruton v. United States, 391 U.S. 123

13   (1968), in his opening appellate brief, was sufficient to fairly alert the state courts to the

14   federal claim presented here and that the supreme court reached the merits of this claim.

15   (Dkt. 42 at 18-19.)  The Court disagrees.

16       In state court, Petitioner argued that his right to present a defense by inculpating his

17   brother was impaired by the denial of severance, citing Bruton.  (Dkt. 38, ex. B at 47-48.)

18   Because Petitioner did not allege that the denial of severance impaired his right to counsel,

19   the Sixth Amendment right to counsel portion of this claim was not fairly presented.

20   Moreover, Bruton concerned the admission at a joint trial of one defendant's confession that

21   inculpated a second defendant, and was based on the Sixth Amendment Confrontation

22   Clause.  391 U.S. at 126.  Claim 4 does not assert a Confrontation Clause violation.  Finally,

23   Petitioner did not fairly present the claim that denial of severance violated his Fourteenth

24   Amendment right to due process.  Bruton did not concern that right and Petitioner neither

25   cited the Fourteenth Amendment nor any law addressing a federal due process right related

26   to severance or a joint trial.

27   _____

28       [6] "RT" refers to the state court reporter's transcript.

Nor did the Arizona Supreme Court reach the merits of Petitioner's Fourteenth Amendment claim. Rather, the court found that the trial court had not abused its discretion under state law by denying severance, stating that "[n]either defendant made a statement, testified at trial, or presented an antagonistic defense. Cf. Bruton v. United States, 391 U.S. 123, 124, 88 S.Ct. 1620, 1621, 20 L.Ed.2d 476 (1968) (confession by co-defendant)." Murray, 184 Ariz. at 25, 906 P.2d at 558. The state court merely held that the denial of severance did not violate the Confrontation Clause under Bruton.

Because Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 now preclude Petitioner from obtaining relief on this claim in state court, it is technically exhausted but procedurally defaulted. Petitioner has not asserted that cause and prejudice or a fundamental miscarriage of justice excuses any default found by the Court. Claim 4 is procedurally barred.[7]

### E.   Claim 9

Claim 9 alleges that Petitioner's Fourteenth Amendment due process rights were violated by the improper admission of expert testimony from Detective Dale Lent regarding footprint comparisons. Respondents contend that Petitioner only exhausted this claim as a violation of state law. (Dkt. 37 at 14.)

In his appellate briefs, Petitioner argued that the admission of Lent's expert testimony violated Petitioner's "right to a fair trial" and Rule 702 of the Arizona Rules of Evidence, and contravened State v. Jessen, 130 Ariz. 1, 633 P.2d 410 (1981). (Dkt. 42 at 22.) He now

---

[7] The Court directed Petitioner to address cause and prejudice and fundamental miscarriage of justice in his Traverse and Sur-reply as to any claim Respondents asserted to be procedurally defaulted. (Dkt. 4 at 4). Although Respondents asserted procedural bar as to many of Petitioner's claims, Petitioner did not assert that any defaults should be excused based on cause and prejudice or a fundamental miscarriage of justice. He instead asserted that his "arguments concerning cause and prejudice, as well as fundamental miscarriage of justice, will depend on how this Court rules on the procedural status of each of the claims." (Dkt. 42 at 13.) The Court disagrees. Petitioner was provided an opportunity to raise these arguments to overcome any defaults and he chose not to do so. Similarly, Petitioner's request for evidentiary development regarding cause and prejudice and fundamental miscarriage of justice is not warranted because he has not raised any such arguments.

1  argues that Arizona's 1977 adoption of the Federal Rules of Evidence, including Rule 702,

2  together with the allegation that the rule was violated, were sufficient to fairly present the

3  instant federal claim because the purpose of the Federal Rules of Evidence is to ensure that

4  "a defendant is afforded a trial that comports with the minimal requirements of due process."

5  (Id.)  He also argues that the citation to Jessen fairly alerted the state court to his federal

6  claim because Jessen relied on federal cases, McKee v. Aetna Life Ins. Co., 423 F.2d 623

7  (6th Cir. 1970), and Bridger v. Union Railway Co., 355 F.2d 382, 387 (6th Cir. 1966),

8  regarding the qualification of expert witnesses.  Finally, he argues that testimony from an

9  improperly qualified expert invades the province of the jury and that "[a]ny claim of trial

10  error alleging an improper invasion of the province of the jury necessarily involves the Sixth

11  Amendment and the Due Process Clause."  (Dkt. 42 at 22-23.)  These arguments are

12  unpersuasive.

13      As an initial matter, Petitioner's assertion in his appellate briefs that he was denied

14  a "fair trial" by virtue of the trial court's erroneous admission of expert testimony was not

15  sufficient to alert the state courts to the federal constitutional claim he now raises.  See Gray,

16  518 U.S. at 162-63.  Similarly, Arizona's adoption of the Federal Rules of Evidence as state

17  evidentiary rules does not transform the purported misapplication of a state rule into an

18  alleged federal constitutional violation.  In addition, neither Jessen nor the cases cited in it

19  involved violations of federal constitutional rights in connection with the admission or

20  exclusion of expert testimony.  Jessen concerned the erroneous admission of expert testimony

21  under state law, 130 Ariz. at 7, 633 P.2d at 416, while Bridger and McKee involved whether

22  the admission or exclusion of expert testimony constituted "manifest error" under the federal

23  rules of evidence, Bridger, 355 F.2d at 387; McKee, 423 F.2d at 625.  Thus, the citation to

24  Jessen was not sufficient to fairly alert the state court to Petitioner's federal constitutional

25  claim.  Lastly, although Petitioner alleged in state court that Lent was improperly qualified

26  as an expert, he did not allege that admission of Lent's testimony invaded the province of the

27  jury, nor did he assert that his federal constitutional rights were thereby violated.

28      The Court finds that Petitioner did not fairly present the federal constitutional  claim

to the state courts.  Rules 32.2(a)(3) and 32.4 now preclude Petitioner from obtaining relief on his federal claim in state court and the claim therefore is technically exhausted but procedurally defaulted.  Because Petitioner has not argued or established that cause and prejudice or a fundamental miscarriage of justice excuse the default, this claim will be dismissed as procedurally barred.

F.  Claim 11

Claim 11 alleges the trial court improperly admitted gruesome photos of the victims in violation of Petitioner's Fourteenth Amendment due process rights.[8]  (See id. at 15.)  Respondents argue this claim was only presented and addressed as a violation of state evidentiary law.  (Dkt. 37 at 15.)

Petitioner contends that he fairly presented the constitutional dimension of this claim on direct appeal by citing State v. Amaya-Ruiz, 166 Ariz. 152, 800 P.2d 1260 (1990), which addressed whether the admission of gruesome photos violated the rules of evidence or "due process."  (Dkt. 42 at 24.)  In Amaya-Ruiz, the Arizona Supreme Court described the appellant as having alleged that "his due process rights were violated by the admission of gruesome photographs," but did not indicate that the appellant raised a federal due process claim.  166 Ariz. at 170-71, 800 P.2d at 1278-79.  The supreme court specifically noted when the appellant claimed a federal constitutional violation with respect to other issues in the case, and nothing in the opinion suggests that the appellant raised federal due process concerns with respect to the gruesome photos or that the supreme court considered that issue.  Id. at 160, 170, 174, 182-83, 800 P.2d at 1268, 1278, 1282, 1290-91.  Petitioner's citation to Amaya-Ruiz's discussion of gruesome photographs therefore was not sufficient to fairly alert the supreme court to the federal constitutional claim he now presents.  Indeed, the supreme court's resolution of the gruesome photos issue in Amaya-Ruiz appears to rely solely on state evidentiary law.  Id. at 171, 800 P.2d at 1279.  Because Amaya-Ruiz did not "explicitly

---

[8]  Petitioner did not exhaust the Sixth Amendment aspect of this claim in state court and that aspect of the claim will be dismissed as procedurally barred.  (Dkts. 38, ex. B at 43-45; 42 at 24.)

apply" federal constitutional due process to its analysis of the gruesome photos issue, the Court concludes that Petitioner's citation to that case did not exhaust the federal constitutional dimension of the instant claim.  See Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc) (joining other circuits in holding that "citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue.")

Because Petitioner is now precluded by Rules 32.2(a)(3) and 32.4 from returning to state court to obtain review of this claim, the claim is technically exhausted but procedurally defaulted.  Petitioner has not argued that cause and prejudice or fundamental miscarriage of justice excuse the default.  Federal review on the merits of the claim is procedurally barred and this claim will be dismissed.

G.  Claim 15

Claim 15 alleges that insufficient evidence supported his convictions for felony murder and armed robbery in violation of his Fourteenth Amendment due process rights.[9] Petitioner concedes that his "notice of joinder" in his state appellate brief that purported to incorporate claims raised in his brother's appeal was not adequate to satisfy the fair presentation requirement.  (Dkt. 42 at 26-27.)  Petitioner maintains, however, that he fairly presented the federal claim to the Arizona Supreme Court and that the court addressed the claim on the merits.  (Id.)

At trial, Petitioner moved for a directed verdict of acquittal pursuant to Rule 20 of the Arizona Rules of Criminal Procedure, which was denied.  Murray, 184 Ariz. at 31, 906 P.2d at 564.  In his opening appellate brief, Petitioner argued the trial court erred in denying his Rule 20 motion, citing two state cases.  (Dkt. 38, ex. B at 45-46.)  Neither of those cases relied on federal constitutional law such that the state supreme court would have been alerted to Petitioner's federal claim.  See State v. Wallace, 151 Ariz. 362, 365-66, 728 P.2d 232,

---

[9] Because Petitioner did not fairly present the Sixth Amendment aspect of this claim to the state courts, that aspect of the claim is unexhausted and will be dismissed as procedurally barred.  (Dkts. 38, ex. 45-46; 42 at 27.)

235-36 (1986); State v. Lopez, 158 Ariz. 258, 264, 762 P.2d 545, 551 (1988).

Petitioner also claims that he fairly presented the claim in his reply brief. This contention also fails. Even if the Court assumes that it would have been procedurally proper to first raise such a claim in a reply brief, Petitioner did not articulate a federal basis for the claim in his reply. (ROA 19 at 22-23.) Petitioner therefore did not fairly present Claim 15 in state court.

Petitioner alternatively argues that the Arizona Supreme Court resolved the federal claim on the merits based on its citation of State v. Tison, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981). The Arizona Supreme Court addressed Petitioner's claim of acquittal based solely on state law pursuant to Rule 20. See Murray, 184 Ariz. at 31, 906 P.2d at 564. The court cited Tison solely for the proposition that under state law, "[w]hen a defendant challenges the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to sustaining the conviction." Id. (citing Tison, 129 Ariz. at 552, 633 P.2d at 361). The supreme court did not address this claim as one based on federal due process.

Because Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 now preclude Petitioner from obtaining relief on this claim in state court, the claim is technically exhausted but procedurally defaulted. Petitioner has not argued that cause and prejudice or a fundamental miscarriage of justice excuse the default. This claim will be dismissed.

H.   Claim 22

Claim 22 alleges that there was insufficient evidence to support the finding of the three aggravating circumstances. (Dkt. 20 at 87-91.) Respondents contend that Petitioner only challenged the sufficiency of the evidence to support the especially heinous, cruel and depraved aggravating circumstance in state court, and that he did not present the claim as a violation of federal constitutional law. (Dkt. 38 at 21.) Petitioner counters that although not expressly raised on direct appeal, Claim 22 was exhausted by virtue of the Arizona Supreme Court's independent sentencing review. (Dkt. 42 at 29-30.)

The Arizona Supreme Court has repeatedly stated that it independently reviews each capital case to determine whether the death sentence is appropriate. Murray, 184 Ariz. at 36,

906 P.2d at 569.  In State v. Gretzler, 135 Ariz. 42, 54, 659 P.2d 1, 13 (1983), the court stated that the purpose of independent review is to assess the presence or absence of aggravating and mitigating circumstances and the weight to give to each.  See also State v. Blazak, 131 Ariz. 598, 604, 643 P.2d 694, 700 (1982).  In conducting this review, the court reviews the record regarding aggravation and mitigation findings, and then decides independently whether the death sentence should be imposed.  State v. Brewer, 170 Ariz. 486, 493-94, 826 P.2d 783, 790-91 (1992).  The court also determines "whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factors," State v. Richmond, 114 Ariz. 186, 196, 560 P.2d 41, 51 (1976), sentence overturned on other grounds, Richmond v. Cardwell, 450 F. Supp. 519 (D. Ariz. 1978), and will address sentencing-related issues even if not directly raised in the appeal.  See, e.g., State v. McKinney, 185 Ariz. 567, 581, 917 P.2d 1214, 1228 (1996) (sua sponte striking application of (F)(2) aggravating factor); State v. Stuard, 176 Ariz. 589, 605, 863 P.2d 881, 897 (1993) (sua sponte finding defendant's psychiatric condition sufficiently substantial to warrant leniency).  Arguably, the court's review rests on both state and federal grounds.  See Brewer, 170 Ariz. at 493, 826 P.2d at 790 (finding that statutory duty to review death sentences arises from need to ensure compliance with constitutional safeguards imposed by the Eighth and Fourteenth Amendments); State v. Watson, 129 Ariz. 60, 63, 628 P.2d 943, 946 (1981) (discussing Gregg v. Georgia, 428 U.S. 153 (1976) and Godfrey v. Georgia, 446 U.S. 420 (1980) and stating that independent review of death penalty is mandated by the U.S. Supreme Court and necessary to ensure against arbitrary and capricious application).

Although the scope of its independent sentencing review is limited, the Court finds that a claim alleging unconstitutional application of enumerated aggravating factors falls within the narrow class of claims implicitly rejected by the Arizona Supreme Court when it affirmed Petitioner's sentence.  See Beam v. Paskett, 3 F.3d 1301, 1306 (9th Cir. 1993) (holding that, because the Idaho Supreme Court was statutorily required to review the petitioner's capital sentence to determine if it was infected by "passion, prejudice, or any other arbitrary factor," that court must have implicitly ruled on the constitutionality of the

1   trial judge's application of the "continuing threat" factor to the petitioner).  In the Arizona

2   Supreme Court's written opinion, it noted its obligation to determine if each aggravating

3   factor had been proven beyond a reasonable doubt and reviewed each of the three factors and

4   the supporting evidence.  Murray, 184 Ariz. at 36-37, 906 P.2d at 569-70.  The supreme

5   court's actual review of the sufficiency of the evidence to support the aggravating factors

6   exhausted Claim 22.  See Sandstrom v. Butterworth, 738 F.2d 1200, 1206 (11th Cir. 1984)

7   ("[t]here is no better evidence of exhaustion than a state court's actual consideration of the

8   relevant constitutional issue").  Accordingly, Claim 22 will be addressed on the merits.

9           I.    Claim 47

10          Claim 47 alleges that Petitioner will be incompetent to be executed under the Fifth,

11  Sixth, Eighth and Fourteenth Amendments.  (Dkt. 20 at 195-97.)  Petitioner recognizes, and

12  Respondents agree, that this claim is not yet ripe for federal review.  (Dkt. 37 at 27.)

13  Pursuant to Martinez-Villareal v. Stewart, 118 F.3d 628, 634 (9th Cir. 1997), aff'd, 523 U.S.

14  637 (1998), a claim of incompetency for execution "must be raised in a first habeas petition,

15  whereupon it also must be dismissed as premature due to the automatic stay that issues when

16  a first petition is filed."  If again presented to the district court once the claim becomes ripe

17  for review, it shall not be treated as a second or successive petition.  See id. at 643-44.

18  Therefore, the Court will dismiss Claim 47 without prejudice as premature.

19                              **CONCLUSION**

20          The Fifth Amendment Due Process aspects of Petitioner's remaining claims will be

21  dismissed as non-cognizable.  The Eighth Amendment aspect of Claims 1-5, 7, 9, 10-12, 15,

22  30-37 and 39 will be dismissed as non-cognizable.  The Eighth Amendment aspects of

23  Claims 29 and 40 will be dismissed as procedurally barred.  The Fourteenth Amendment

24  Equal Protection aspects of Claims 1-5, 9-12, 15, 22, 29-37 and 40 and the Due Process

25  aspects of Claims 2, 4, 5, 7, 11, 29, 30-37, 39 and 40 will be dismissed as procedurally

26  barred.  In addition, the Sixth Amendment aspects of Claims 2, 4, 7, 9-11, and 15 will be

27  dismissed as procedurally barred.  Claim 47 will be dismissed without prejudice as

28  premature.  Claims 1, 3, 5, 7, 10, 12, 22, 29, 30-37, 39 and 40 will be reviewed on the merits

1    in a subsequent order to the extent described herein.

2            Accordingly,

3            **IT IS ORDERED** that the Fifth Amendment aspect of ALL of Petitioner's claims and

4    the Eighth Amendment aspects of Claims 1-5, 7, 9, 10-12, 15, 30-37 and 39 shall be

5    **DISMISSED WITH PREJUDICE** as non-cognizable.

6            **IT IS FURTHER ORDERED** that the following shall be **DISMISSED WITH**

7    **PREJUDICE** as procedurally barred:  (a) the Eighth Amendment aspects of Claims 29 and

8    40; (b) the Fourteenth Amendment Equal Protection aspects of Claims 1-5, 9-12, 15, 22, 29-

9    37 and 40; (c) the Fourteenth Amendment Due Process aspects of Claims 2, 4, 5, 7, 11, 29,

10   30-37, 39 and 40; and (d) the Sixth Amendment aspects of Claims 2, 4, 7, 9-11, and 15.[10]

11           **IT IS FURTHER ORDERED** that Claim 47 shall be **DISMISSED WITHOUT**

12   **PREJUDICE** as premature.

13           **IT IS FURTHER ORDERED** that Claims 1, 3, 5, 7, 10, 12, 22, 29, 30-37, 39 and

14   40 shall be reviewed on the merits, to the extent stated herein, in a subsequent order.

15           **IT IS FURTHER ORDERED** that, no later than **forty-five (45) days** following entry

16   of this order, Petitioner shall file a Memorandum regarding the merits *only* of the properly

17   exhausted claims identified in the "Conclusion" section of this order.   The Merits

18   Memorandum shall specifically identify and apply appropriate AEDPA standards of review

19   *to each claim for relief* and shall not simply restate facts and argument contained in the

20   amended petition.  Petitioner shall also identify in the Merits Memorandum (1) each claim

21   for which further evidentiary development is sought, (2) the facts or evidence sought to be

22   discovered, expanded or presented at an evidentiary hearing, (3) why such evidence was not

23   developed in state court, and (4) why the failure to develop the claim in state court was not

24   the result of lack of diligence, in accordance with the Supreme Court's decision in Williams

25   v. Taylor, 529 U.S. 420 (2000).

26           **IT IS FURTHER ORDERED** that no later than **forty-five (45) days** following the

27

28           [10]  Thus, Claims 2, 4, 9, 11, and 15 are dismissed in their entirety.

filing of Petitioner's Memorandum, Respondents shall file a Response Re: Merits.

**IT IS FURTHER ORDERED** that no later than **twenty (20) days** following the filing of Respondents' Response, Petitioner may file a Reply.

**IT IS FURTHER ORDERED** that if, pursuant to LRCiv 7.2(g), Petitioner or Respondents file a Motion for Reconsideration of this order, such motion shall be filed within **fifteen (15) days** of the filing of this order. The filing and disposition of such motion does not toll the time for the filing of the merits briefs scheduled under this order.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this order to the Clerk of the Arizona Supreme Court, 1501 W. Washington, Phoenix, AZ 85007-3329.

DATED this 13th day of April, 2006.

David G. Campbell
United States District Judge